IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY OLMSTED,

                              ORDER

                   Plaintiff,

                              08-cv-439-bbc

       v.

OFFICER SHERMAN,
in his official and personal capacities,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated July 30, 2008, the claims raised by plaintiff Olmsted in his original

complaint were severed into three actions (and the claims raised by former co-plaintiff

Jerome Metcalfe were remanded to state court). In this case, plaintiff is prosecuting his

claims that defendant Sherman violated his due process and free speech rights by retaliating

against him by removing 18 photographs from his cell and destroying them while a

complaint seeking their return was pending. Because plaintiff is a prisoner, he is subject to

the 1996 Prison Litigation Reform Act and his claim must be screened pursuant to 28 U.S.C.

§ 1915A and dismissed if his complaint is legally frivolous, malicious, fails to state a claim

upon which relief may be granted or asks for money damages from a respondent who by law

1

Dockets.Justia.com

cannot be sued for money damages.  Petitioner is a pro se litigant, so his complaint will be construed liberally as it is reviewed for these defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

Because plaintiff had adequate post-deprivation remedies available in state court, his due process rights were not violated when defendant took his pictures and destroyed them. Moreover, because there are no allegations that plaintiff was engaged in protected activity, his First Amendment rights were not violated when defendant took an adverse action against him.  Therefore, plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

From plaintiff's complaint I draw the following allegations of fact.

ALLEGATIONS OF FACT

A.  Parties

At all times relevant to this complaint, plaintiff Troy J. Olmsted was an inmate at the Wisconsin Secure Program Facility.  Defendant officer Sherman is a correctional officer at Wisconsin Secure Program Facility.  At times relevant to this complaint, he was in charge of the property room and the security of inmates' property.

B.  Loss of Photographs

2

On June 26, 2006, while plaintiff was at the Wisconsin Secure Program Facility, plaintiff's cell was searched and 18 of his personal photographs were removed. The photographs were original and historical family pictures of plaintiff's grandfather when he was Mayor and other family members who had died.

Defendant left a property disposition form stating that the photographs were confiscated, but did not explain why. Plaintiff filed a complaint in the inmate complaint review system and asked defendant to hold the photographs until he had exhausted his remedies through the inmate complaint review system and asking defendant to mail the photographs out if plaintiff's complaint did not succeed.

Defendant held the photographs for 30 days and then destroyed them. At the time the photographs were destroyed, plaintiff's complaint was still pending. Defendant refused to allow plaintiff to send the photographs to his family.

OPINION

A. Due Process Claim

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty or property without due process of law." U.S. Const. Amend. XIV. Procedural due process claims are analyzed in two steps: first, the court must determine whether the plaintiff was deprived of a constitutionally-protected life, liberty or property interest; and second,

consider what process is due in the context of the deprivation that occurred.  Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997).  In this case, plaintiff alleges that defendant took pictures belonging to him and destroyed them, thus establishing that he was deprived of a constitutionally-protected property interest.  Caldwell v. Miller, 790 F.2d at 608 (inmate had property interest in hardbound books taken from his cell during prison "lockdown"); Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998) (inmate had property interest in possessions he attempted to take with him while being transferred to another prison).

However, plaintiff fails on the second step.  Petitioner's allegations suggest that the destruction or loss of his property was a random and unauthorized act rather than one carried out pursuant to a policy of the institution or the Department of Corrections.  In the former situation, plaintiff is not entitled to procedure before his property is taken or destroyed, so long as a meaningful remedy exists post-deprivation.  Hudson v. Palmer, 468 U.S. 517 (1984) (no due process claim for random and unauthorized deprivation of property, even if taking is intentional, so long as state provides inmate suitable post-deprivation remedy).  The state of Wisconsin provides post-deprivation procedures for challenging the alleged wrongful taking and destruction of property.  Wis. Stat. ch. 893 contains provisions concerning tort actions to recover damages for wrongfully taken or detained personal property and for the recovery of the property.  Although plaintiff suggests

4

that there can be no "meaningful" state law remedy for the destruction of irreplaceable property, his due process claim could do no better at replacing the pictures than a state tort claim for damages.

Because post-deprivation procedures were available to plaintiff in state court, he cannot contend that the state deprived him of due process by taking his pictures. Plaintiff's due process claim against defendant must be dismissed for failure to state a claim upon which relief may be granted.

## B. Retaliation Claim

The Court of Appeals for the Seventh Circuit has determined that, to state a First Amendment retaliation claim, a prisoner must provide basic information in order to give a prison official notice of his claim. Therefore, to state a retaliation claim under the First Amendment, a prisoner must provide information in his complaint from which it may be inferred that he engaged in constitutionally protected conduct and that his protected actions prompted one or more prison officials to take adverse action against him. Mt. Healthy Board of Education v. Doyle, 429 U.S. 274, 287 (1977); Johnson v. Kingston, 292 F. Supp. 2d 1146, 1153 (W.D. Wis. 2003). An inmate is not required to allege a chronology of events from which retaliation may be inferred but must allege the retaliatory act and describe the protected act that prompted the retaliation. Higgs v. Carver, 286 F.3d 437,

439 (7th Cir. 2002). These minimal facts are necessary to give prison officials adequate notice of the claim against them. Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 863 (7th Cir. 2002).

In plaintiff's complaint, he contends that the photographs were taken "out of retaliation and harassment" and suggests that defendant was involved. He identifies no protected activity related to the alleged taking of property. Although in other places he mentions having filed this grievance or that, it is in the context of other causes of actions against different defendants that have been severed from this case. Because plaintiff fails to identify any protected activity that he engaged in that prompted defendant to take his pictures, his retaliation claim must be dismissed as well.

ORDER

IT IS ORDERED that

1. This action is DISMISSED pursuant to 28 U.S.C. § 1915A because the claims in the complaint fail to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendants and close this case.

6

3.  A strike will be recorded against plaintiff in accordance with 28 U.S.C. § 1915(g).

Entered this 1st day of August, 2008.

BY THE COURT:


/s/

_____
BARBARA B. CRABB
District Judge