IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY OLMSTED,

                    ORDER

       Plaintiff,

                    08-cv-439-bbc

  v.

OFFICER SHERMAN,
in his official and personal capacities,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In orders dated July 29 and 30, 2008, I denied plaintiff's motion to remand his claims to state court and severed this case from case number 08-cv-309-bbc. I explained that even in plaintiff's motion to remand, he stated that he was asserting claims under 42 U.S.C. § 1983, which entitled defendants to remove the case to federal court. Next, in an order dated August 1, 2008, I screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and concluded that his federal claims must be dismissed for failure to state a claim upon which relief may be granted. I dismissed plaintiff's due process claim because plaintiff had post-deprivation remedies available in state court for defendant Sherman's destruction of 18 of plaintiff's photographs. As for plaintiff's retaliation claim, I concluded that he failed to

1

identify any protected act that prompted defendant's alleged retaliation, as required under Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). I ordered a strike to be recorded against plaintiff in accordance with 28 U.S.C. § 1915(g) because plaintiff had at least one claim dismissed for failure to state a claim upon which relief may be granted. Finally, I remanded to state court the state law claims remaining in this suit.

Now plaintiff has filed a motion for reconsideration of the July 29 and July 30, 2008 orders. Hoping to remove the strike recorded against him, plaintiff makes three arguments: (1) that the court should not have screened his case under 28 U.S.C. § 1915A because the case was removed to this court; (2) that the court should have remanded the entire case to state court because plaintiff did not intend to raise federal claims, only claims under the state constitution and state statutes; and (3) that the court should have given him an opportunity to amend his complaint to describe the protected activity against which defendant was retaliating.

First, it was proper to screen plaintiff's complaint under § 1915A even though plaintiff's case was removed. Section 1915A does not distinguish between cases filed by prisoners and cases removed by defendants. The statute requires screening of all complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," without regard to how the complaint came before the court.

Next, it was not error to deny plaintiff's motion to remand the full case. Plaintiff

2

made it clear that he was asserting claims under 42 U.S.C. § 1983, a federal statute, and throughout his complaint referred to violations of "due process" and "retaliation." Plaintiff contends that, because he is a pro se litigant, the court should have simply "relabeled" his complaint as one arising under state law. Not so. In his motion to remand, plaintiff appeared to argue that he thought he could raise his federal constitutional law claims in state court, so long as he asserted state law claims as well. If plaintiff wanted to disavow his federal claims, he should have told the court that he was *not* raising federal law claims, not that he *was* raising state law claims. Or, he could have made it clear that he was not asserting federal claims by providing notice of voluntary dismissal of his federal claims under Fed. R. Civ. P. 41(a)(1). Under Rule 41(a)(1), a plaintiff can voluntarily dismiss claims if notice is given before the defendant files an answer or moves for summary judgment. Better yet, plaintiff could have made it clear in his complaint that he was not raising federal constitutional law claims, only claims for state constitutional and statutory law. He did none of these things, so it was not error to deny his motion for remand on the ground that his complaint raised federal claims.

  As for plaintiff's last argument, it may be appropriate to allow plaintiff an opportunity to amend his complaint to state a claim for retaliation. However, in light of plaintiff's argument for remand, this may not be the relief that plaintiff seeks. If plaintiff truly wishes to raise state law claims in state court, rejuvenating his federal claim for retaliation is not the

3

way to do it. As I said, to do that, plaintiff will have to dismiss his federal claims. Moreover, to the extent plaintiff hopes to avoid getting a strike, amending his complaint in an attempt to state a proper retaliation claim will not do the trick. Under George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007), plaintiff is subject to a strike regardless of the viability of his retaliation claim because a strike is given any time a complaint contains *any* claim failing to state a claim upon which relief may be granted. Because plaintiff's due process claim fails to state a claim upon which relief may be granted, he is subject to a strike under George.

Because it appears that plaintiff wishes to bring his state law claims in state court, I will forego deciding whether he should be allowed to amend his complaint to state with specificity what federally protected activity prompted the retaliation. Plaintiff's case will remain dismissed. If plaintiff's intention is to raise a federal law retaliation claim, then he should move to reopen the case and send with his motion a proposed amended complaint stating with specificity what protected activity prompted the retaliation. Plaintiff should keep in mind that his original complaint has been severed into three cases. The amended complaint should reflect only the retaliation claim he brought against defendant in this case.

One last issue remains. Plaintiff's argument that he never wanted to raise federal claims at all applies equally to his other two cases deriving from the same complaint, case numbers 08-cv-309 and 08-cv-438, which have not yet been screened. In a separate order entered today in those cases, I have given plaintiff an opportunity to tell the court whether

4

he wishes to dismiss his federal claims in those cases so that the court can remand his remaining claims to state court to proceed with his state law claims. Plaintiff will have until August 15, 2008 in which to advise the court whether he wishes to dismiss his federal claims in those cases, in which case his state law claims will be remanded to state court, or proceed with his federal claims, in which case they will be screened. If plaintiff does not provide notice by that date, the court will dismiss the state and federal claims for failure to prosecute.

## ORDER

IT IS ORDERED that plaintiff Troy Olmsted's motion for reconsideration (dkt. #6) is DENIED.

Entered this 12th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5