IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY OLMSTED,

                                                                  OPINION and ORDER

                    Plaintiff,

                                                                  08-cv-439-bbc

     v.

MICHAEL SHERMAN,
in his official and personal capacities,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered June 8, 2009, I granted defendant Michael Sherman's motion for summary judgment as to plaintiff's claim that defendant destroyed plaintiff's photographs in retaliation for plaintiff's filing and threatening to file grievances. Judgment was entered in this case on June 9, 2008. Now before the court is plaintiff Troy Olmsted's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59. Because I am not persuaded that it was error to grant defendant's motion for summary judgment, I will deny plaintiff's Rule 59 motion.

In the summary judgment order, I concluded that plaintiff had failed to adduce sufficient evidence that his filing grievances and threatening to file grievances was a reason

1

for defendant's destruction of his photographs. Dkt. #39, at 13. Plaintiff contends that it was error to grant defendant's motion for summary judgment for the following reasons: (1) he is "unsophisticated" so his failure to propose certain facts in the record should be overlooked; (2) the delay between the majority of his protected activity and the destruction of the photographs grievances and threats to file can be explained; (3) although the summary judgment order mentions one grievance plaintiff filed against defendant around the time the photographs were destroyed, there was another related grievance filed around the same time (a fact he did not propose); (4) the court should have treated as undisputed the fact that he asked to send photographs to his mother because he had documentary evidence signed by defendant (although plaintiff seems to think the fact was disregarded, it was treated as a disputed fact because defendant submitted an affidavit stating he did not receive any such notice); (5) it was error to accept as undisputed defendant's proposed fact that laminated photographs are not allowed at the Wisconsin Secure Program Facility or could not be stored there; (6) although defendant could have but did not confiscate and destroy the laminated photographs when plaintiff started filing and threatening to file grievances, it is possible he "didn't remember or think they were a problem until later"; (7) plaintiff's documentary evidence should not have been disregarded simply because it was not authenticated; and (8) discovery had not closed, so plaintiff should have been given more time to gather evidence.

Most of these objections can be addressed at once. Even had all of plaintiff's evidence

2

been considered, including all his documentary evidence, all his affidavit testimony, the second grievance he filed against defendant and the fact that he asked to send photographs to his mother, the result would have been the same. None of this evidence explains why defendant did not confiscate and destroy plaintiff's photographs earlier or establishes any other ground for finding that plaintiff's filing and threatening to file grievances were reasons for defendant's destruction of the photographs. Although plaintiff may be frustrated that he was not able to prove retaliation directly (because direct admissions of retaliation are extremely rare), and frustrated that his scant circumstantial evidence was inadequate, that is the unfortunate truth.

Plaintiff's focus on the question whether laminated photographs were banned at the facility is misplaced. Even if plaintiff were correct that laminated photographs were not banned, his retaliation claim would fail. Defendant did not confiscate plaintiff's photographs or mark them as contraband; some other official did. Defendant's role was to hold the property that had been determined to be contraband pending resolution of plaintiff's appeal. There is no evidence tying the other official's determination that the photographs were contraband to defendant's destruction of the photographs.

This leaves plaintiff's objection that he should have been allowed to continue discovery until the cutoff date. It is too late to ask for such an extension. If plaintiff believed he needed additional time to uncover proof in support of his claim and had a good

3

reason for failing to gather that evidence before, he could have moved for a continuance pursuant to Fed. R. Civ. P. 56(f). He did not. He cannot now ask for such a continuance. Moreover, even now plaintiff does not explain why he could not have performed the necessary discovery earlier. Fed. R. Civ. P. 56(f) continuances are granted only if the nonmovant makes a showing that he cannot present essential facts and the showing must be made "by affidavit" and "for specified reasons."

## ORDER

IT IS ORDERED that plaintiff Troy Olmsted's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, dkt. #41, is DENIED.

Entered this 17th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge